W. S. Gow, Appellant, v. COUNTY OF DUBUQUE, Appellee.

No. 40538.

OCTOBER 27, 1931.

Geo. T. Lyon, for appellant.

John J. Kintzinger and Al J. Nelson, for appellee.

GRIMM, J.—The original petition in this case was filed on September 20, 1923. After some amendments had been filed the defendant, on December 5, 1927, filed a demurrer, setting up three separate grounds. On the second day of February, 1928, the demurrer was argued and finally submitted to the court, whereupon the court made the following entry:

"Demurrer to petition and amendments thereto overruled, to which defendant excepts."

On the eighth day of February, 1928, the defendant perfected an appeal to this court. On June 24, 1929, this court dismissed the appeal. ([Iowa] 226 N. W. 56 [not officially reported])..

On June 26, 1929, the defendant filed an answer. On September 13, 1929, a *procedendo* from the Supreme Court was filed with the Clerk of the District Court of Dubuque County.

On December 14, 1929, the plaintiff filed a motion to strike the answer and for a Default, which motion was afterwards amended and in its amended form was overruled generally. It is from the overruling of this motion that the plaintiff has taken this appeal. The grounds for the motion are, in substance:

*First.* That the defendant was in default, having elected to stand on his demurrer at the time he took an appeal to the Supreme Court.

*Second.* That the answer was not timely filed.

*Third.* That plaintiff asks that if the first and second grounds of the motion are overruled that the record of the court be corrected to show "that at the time the court announced its ruling overruling the demurrer of the defendant the defendant's attorney stated that he refused to plead further and would stand upon the demurrer."

*Fourth.* The plaintiff moves that when the record is corrected the answer, as amended, be stricken and default be entered against the defendant.

I. Manifestly, the determining question in this case is whether, upon the showing here made, the plaintiff is entitled to have a correction of the record, as demanded. The motion to have the record corrected was supported by affidavits and a resistance was filed, supported by affidavits.

It is the contention of the plaintiff that when the court ruled on the demurrer, the defendant, through its attorney, elected and announced in the presence of the court that he refused to plead further and would stand upon the demurrer.

The defendant specifically denies that it ever elected to stand upon its demurrer and supports this resistance with affidavits.

It would serve no good purpose to set out all of these affidavits. It is the claim of the plaintiff that there is no substantial conflict in them and that, therefore, the court should have, by necessity, sustained the motion to correct the record.

Passing only upon the question whether the showing made herein is sufficient, and nothing else is herein decided, we hold it is not.

The records of the trial court are peculiarly within the control of that court and we will not interfere with its ruling in

reference to changing the same unless there is a clear and satisfactory showing that the trial court was in error.

In Hamill v. Brewing Co., 165 Iowa 266, this court said:

"* * * the testimony upon which the demand for a change of the record is based so clearly lacks the clear preponderance which the law requires to justify such relief that a special finding by a jury impeaching the record could not, as we have already intimated, be permitted to stand."

When the foregoing test is applied, the appellant's showing is found insufficient and the finding of the trial court will not be disturbed.

II. Manifestly, without a correction of the record, the answer of the defendant should not be stricken. It was filed before any default was asked or obtained.

It follows that the cause must be, and is,—Affirmed.

FAVILLE, C. J., and EVANS, MORLING, and KINDIG, JJ., concur.